**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DEMOCRACY FORWARD FOUNDATION,
1333 H Street, NW, 11th Floor
Washington, DC 20005,

*Plaintiff*,

vs.

U.S. GENERAL SERVICES ADMINISTRATION,
1800 F Street, NW
Washington, DC 20405,

*Defendant*.

Case No.

**COMPLAINT FOR INJUNCTIVE RELIEF**

1. Plaintiff Democracy Forward Foundation ("Democracy Forward") brings this action against Defendant U.S. General Services Administration ("GSA") to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

2. On January 5, 2018, Democracy Forward requested that GSA produce various records related to the transition team of then President-elect Trump. Public reporting confirms that GSA is in possession of these records.

3. GSA denied Democracy Forward's FOIA request on the ground that the records requested are not "agency records" subject to the FOIA.

4. GSA's determination is erroneous — the requested records were obtained and controlled by GSA and through their integration into GSA's record system, among other factors, are now agency records for the purpose of the FOIA.

5. Accordingly, Democracy Forward seeks a declaration that the requested records are agency records and an injunction directing GSA to comply with the FOIA and to search for and produce all responsive documents.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

7. Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

**PARTIES**

8. Plaintiff Democracy Forward Foundation is a not-for-profit media organization incorporated under the laws of the District of Columbia and based in Washington, D.C. Democracy Forward works to promote transparency and accountability in government, in part by educating the public on government actions and policies. Among other things, Democracy Forward posts information it receives from FOIA requests on the internet and writes about them in various media. Democracy Forward's FOIA investigations have led to numerous stories of significant public interest.

9. Defendant U.S. General Services Administration is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), and is headquartered in Washington, D.C. GSA has possession, custody, and control of records to which Democracy Forward seeks access.

10. Democracy Forward submitted a FOIA request to GSA on January 5, 2018 seeking:

> Any and all correspondence, including attachments, to or from "ptt.gov" email addresses associated with Rick Dearborn, Mike Pence, Michael Flynn, Rudy Giuliani, Chris Christie, Jeff Sessions, Ben Carson, K.T. McFarland, Pam Bondi, Jared Kushner, Rebekah Mercer, Steven Mnuchin, Devin Nunes, Anthony Scaramucci, Peter Thiel, Reince Priebus, Steve Bannon, Donald Trump Jr., Eric

> Trump, Ivanka Trump, and Omarosa Manigault on any server controlled by the General Services Administration.

*See* Attachment A.

11. The FOIA request stated that the time period for the request was from July 24, 2016 to March 31, 2017.

12. Democracy Forward sought a waiver of search and duplicating fees for the FOIA request under 5 U.S.C. § 552(a)(4)(A)(iii) and 41 C.F.R. § 105-60.305-13, which require waiver of fees if the disclosure is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester.

13. GSA acknowledged receipt of the FOIA request by email with a letter attached. The letter assigned the FOIA request control number: GSA-2018-000574. It also stated that GSA anticipated a response on or prior to February 7, 2018.

14. On February 8, 2018, GSA sent a letter to Democracy Forward stating: "After a careful review of our files, it has been determined that GSA has no records of the information that you have requested. Therefore, we are unable to accommodate your request." This letter also stated that Democracy Forward had a right of appeal regarding the adequacy of the search.

15. Democracy Forward submitted an appeal regarding GSA's determination that it had no responsive records on March 12, 2018. *See* Attachment B.

16. Democracy Forward's appeal explained, *inter alia*, that it believed that GSA was in possession of responsive records because: (1) that conclusion is consistent with the statutory scheme providing for transition team government email addresses and systems; (2) the existence

of transition team emails on a GSA controlled email server has been publicly reported[1]; and (3) both the President and Congress have acknowledged that such emails are in GSA's possession.[2] The appeal also explained why these records are subject to the FOIA.

17. On March 16, 2018, GSA sent Democracy Forward an email confirming receipt of the appeal and assigning it control number GSA-2018-000930. The email also stated that it anticipated a response by April 12, 2018.

18. On April 18, 2018 GSA emailed a letter dated April 12, 2018 to Democracy Forward, in which GSA, in contrast to its initial response, now acknowledged that it did have records but that the records were not subject to FOIA. *See* Attachment C.

19. Specifically, GSA explained that it has "physical custody of PTT emails"; but that

> [t]he court in *Illinois Institute for Continuing Legal Education v. United States Dep't of Labor* held that the autonomy accorded the transition staff compelled the conclusion that the staff was not within the executive branch of government and hence not an "agency" within the meaning of § 552(e) of the FOIA and thus not subject to the FOIA. Given the court's analysis here, the records of the PTT are not subject to the FOIA.

*Id*. at 1-2.

---

[1] *See, e.g.*, Mike Allen, *Scoop: Mueller Obtains "Tens of Thousands" of Trump Transition Emails*, Axios, Dec. 16, 2017, https://www.axios.com/scoop-mueller-obtains-tens-of-thousands-of-trump-transition-emails-1513456551-428f0b7a-b50e-4d9e-8bc4-9869f93c2845.html; Kara Scannell, *New Documents Show How Mueller Quickly Expanded Investigation*, CNN, Feb. 7, 2018, https://www.cnn.com/2018/02/06/politics/new-documents-mueller-investigation-trump-transition/index.html.

[2] *See*, Letter from Kory Langhofer, Counsel to Trump for America, Inc., to S. Comm. on Homeland Sec. and Gov't Affairs & H. Comm. on Oversight and Gov't Reform (Dec. 16, 2017), https://www.documentcloud.org/documents/4331911-Letter-to-Congressional-Committees.html; *See* Anne Gearan & Philip Rucker, *Trump Criticizes How Mueller Obtained Transition Emails, Says No Plans to Fire Special Counsel*, Wash. Post, Dec. 17, 2017, https://www.washingtonpost.com/politics/mueller-unlawfully-obtained-emails-trump-transition-team-says/2017/12/16/6162f350-e2cc-11e7-8679-a9728984779c_story.html?utm_term=.7b9a746ff935.

20. GSA's conclusion is erroneous and does not meet its burden to demonstrate that records in its possession are not agency records. On the contrary, among reported facts, the records are housed on a GSA email server, transition team members knowingly relinquished control of the email records when using the @ptt.gov email domain, and GSA retains the authority to audit and dispose of the records. Accordingly, GSA both obtained the requested records and had control over them, making them subject to the FOIA. *See Judicial Watch, Inc. v. U.S. Secret Serv*., 726 F.3d 208, 218 (D.C. Cir. 2013).

**CLAIM FOR RELIEF**

21. Democracy Forward incorporates by reference the foregoing paragraphs as if fully set forth herein.

22. By erroneously determining that the requested records are not subject to the FOIA, and, as a result, by not searching and producing records responsive to Democracy Forward's FOIA request, GSA has violated its duties under the FOIA, 5 U.S.C.§ 552, including but not limited to its duties to conduct a reasonable search for responsive records, to take reasonable steps to release all reasonably segregable nonexempt information, and to not withhold responsive records.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Democracy Forward Foundation prays that this Court:

1. declare that the records requested are agency records subject to the FOIA;

2. order GSA to conduct a search for any and all responsive records to Democracy Forward's FOIA request and demonstrate that it employed search methods reasonably likely to lead to discovery of all responsive records;

2. order GSA to produce, by a date certain, any and all nonexempt responsive records and a *Vaughn* index of any responsive records withheld under a claim of exemption;

3. enjoin GSA from continuing to withhold any and all nonexempt responsive records;

4. order GSA to grant Democracy Forward's request for a fee waiver;

5. award Democracy Forward its attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

6. grant Democracy Forward any other relief this Court deems appropriate.

Dated: May 2, 2018

Respectfully submitted,

/s/ *Robin F. Thurston*
Javier M. Guzman (DC Bar No. 462679)
Robin F. Thurston (DC Bar No. 1531399)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
jguzman@democracyforward.org
rthurston@democracyforward.org